IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>DARRYL MILBURN,<br><br>        Defendant. | Case No. 16-cv-05902-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT PREJUDICE; VACATING HEARING**<br><br>Re: Dkt. No. 12 |

        Before the Court is defendant Darryl Milburn's ("Milburn") Motion to Dismiss, filed October 19, 2016. Plaintiff Patricia Bell has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for determination on the moving papers, VACATES the hearing scheduled for December 16, 2016, and rules as follows.

        On September 23, 2016, plaintiff initiated the above-titled action by filing in state court a "Request for Civil Harassment Restraining Orders" pursuant to California Code of Civil Procedure section 527.6 (see Notice of Removal Ex. 1 at 1), which filing the Court construes as plaintiff's complaint. See Nakamura v. Parker, 156 Cal. App. 4th 327, 335 (2007) (noting "harassment petition under . . . section 527.6 [is] itself essentially a cause of action") (internal quotation and citation omitted). In her complaint, plaintiff alleges that, inter alia, Milburn, her "manager" at the "VA Martinez Clinic," has engaged in "hostile behavior," specifically, "yell[ing] at [her] in front of veterans while [she] was doing [her]

---

[1]Any opposition was due November 23, 2016. (See Order, filed October 27, 2016, at 2:9-11; Order, filed November 10, 2016.)

1  job" and "constant negative behavior." (See Notice of Removal Ex. 1 at 2-3.)

2  On October 12, 2016, Milburn removed the above-titled action to federal district
3  court. In the instant motion to dismiss, Milburn argues the Court lacks subject matter
4  jurisdiction over plaintiff's claims, irrespective of whether they are construed as tort claims
5  or employment discrimination claims.

**A. Tort Claims**

To the extent plaintiff is alleging tort claims,[2] the Court finds the complaint is subject to dismissal.

The Federal Tort Claims Act ("FTCA") provides the "exclusive" remedy where a plaintiff alleges a tort claim against an employee of the United States who is acting within the scope of his employment, see 28 U.S.C. § 2679(b)(1), and the proper defendant in such action is "the United States," see id. Here, the Attorney General has certified that Milburn, an employee of the United States Department of Veteran Affairs, "was acting within the scope of his employment at all times material to [the] alleged incident." (See Certification, filed October 12, 2016.) As plaintiff has not offered evidence to the contrary, the "Attorney General's decision regarding scope of employment certification is conclusive." See Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993) (holding party seeking to challenge certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant . . . scope of employment certification").

A court has jurisdiction over a claim under the FTCA only where a plaintiff has "first presented the claim to the appropriate Federal agency" and the claim has been "finally denied by the agency in writing." See 28 U.S.C. § 2675(a); Brady v. United States, 211 F.3d 499, 502-03 (9th Cir. 2000) (holding claim presentation requirement is

---

[2]Under § 527.6 of the California Code of Civil Procedure, which statute is cited in plaintiff's complaint, a court may issue a restraining order where a plaintiff demonstrates she has suffered harassment, defined in relevant part as "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys or harasses the person, and that serves no legitimate purpose." See Cal. Code Civ. P. § 527.6(b)(3). The statute does not require the harassment to be on account of the plaintiff's membership in a protected class.

"jurisdictional"; finding district court properly dismissed FTCA claims where plaintiff had not presented claim to federal agency prior to filing suit).

Here, Milburn has offered evidence, undisputed by plaintiff, that establishes plaintiff has not submitted an administrative claim. (See Stroughter Decl. ¶¶ 1-4 (stating declarant, after conducting search of system that "encompasses all cases filed in [Northern California]" against Department of Veterans Affairs, did not find an administrative claim filed by plaintiff).)[3]

Accordingly, the Court lacks subject matter jurisdiction over plaintiff's tort claims, and the complaint is subject to dismissal, without prejudice to plaintiff's refiling her claims after she has submitted an administrative claim and the claim has been denied.

**B. Title VII**

To the extent plaintiff is alleging employment discrimination claims, the Court likewise finds the complaint is subject to dismissal.

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment," see Brown v. General Services Admin., 425 U.S. 820, 823, 835 (1976), and the proper defendant in such an action is the "head of the department," see 42 U.S.C. § 2000e-16(c). "Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit." Vinieratos v. United States, 939 F.2d 762, 767-68 (9th Cir. 1991). Specifically, the employee must file a "complaint . . . with the agency that allegedly discriminated against the complainant," see 29 C.F.R. § 1614.106(a), after which the agency "is required to conduct an impartial and appropriate investigation of the complaint within 180 days of the filing of the complaint," see 29 C.F.R. § 1614.106(e)(2). The employee may file suit in district court within "90

---

[3] The Court may consider material outside the pleadings where, as here, the defendant's motion to dismiss challenges the district court's jurisdiction to consider the plaintiff's claims. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1986) (holding, when considering motion to dismiss for lack of subject matter jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony").

1  days of receipt of final action taken by the department" or "after one hundred and eighty
2  days from the filing of the initial charge with the department."  See 42 U.S.C.
3  § 2000e-16(c).  Where the employee files a civil action before the completion of the
4  administrative process, however, the civil action is subject to dismissal without prejudice
5  as premature.  See Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1351 (9th
6  Cir. 1984) (holding "[p]remature suits [under Title VII] are always subject to a motion to
7  dismiss"); Pinkard v. Pullman-Standard, 678 F.2d 1211, 1218 (5th Cir. 1982) (observing
8  that where plaintiff files suit under Title VII prior to completion of administrative process,
9  "[u]nquestionably, the action [is] subject to dismissal without prejudice at that time").

Here, according to the records of the Department of Veterans Affairs, plaintiff, on July 7, 2016, filed with the agency a "Discrimination Complaint" against Milburn, and said complaint remains pending before the agency.  (See Kasnick Decl. ¶¶ 3-6, Ex. 1.)[4]

Accordingly, plaintiff's employment discrimination claims are subject to dismissal, without prejudice to plaintiff's refiling her claims after she has completed the administrative process.

## C. Request for Issuance of Restraining Order

In addition to his challenge to any tort or Title VII claims, Milburn argues plaintiff's request for a restraining order should be denied.

As set forth above, plaintiff's complaint is subject to dismissal, and, consequently, plaintiff cannot at this time establish she is likely to succeed on the merits of her claims. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (holding party seeking injunction "must establish," inter alia, she is "likely to succeed on the merits" of its claim).

Accordingly, the request will be denied.

---

[4] Milburn's unopposed request for judicial notice of the administrative record of plaintiff's claim is hereby GRANTED.  See Lacayo v. Donahoe, 2015 WL 993448, at *9 (N.D. Cal. March 4, 2015) (holding "it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC as judicially noticeable matters of public record") (citing cases).

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED without prejudice.

2. Plaintiff's request for a restraining order is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2016

MAXINE M. CHESNEY
United States District Judge